**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHEILA M. EYAJAN, | ) | |
| Plaintiff, | ) | C.A. No. 1:20-cv-204 |
| | ) | |
| v. | ) | |
| | ) | RE: Motions to Dismiss the |
| | ) | Complaint (ECF Nos. 20 & 21) |
| NESCO RESOURCES, LLC, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff Sheila Marie Eyajan, an adult resident of Erie County, Pennsylvania, commenced this proceeding on July 17, 2020, by filing a motion for leave to proceed in forma pauperis and attaching to it a "Judicial Emergency Complaint" directed against six named defendants. ECF No. 1. Like her three prior related complaints in this Court, it is far from clear, but it appears to allege the Defendants made defamatory and/or false statements in connection with dismissed Ohio state court and Equal Employment Opportunity Commission proceedings.

Three Defendants have moved to dismiss the Complaint. Defendants Nesco Resource, LLC and Gross & Gross, LLC filed a joint motion asserting the Court lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Defendant Shaw also filed a motion to dismiss that asserts a failure to state a claim. ECF No. 21. For the reasons set forth below, the motions will be granted.

## I. BACKGROUND

### A. Relevant Facts

1

In the summer of 2016, Plaintiff worked for Nesco in Lake County, Ohio, as a "temp" worker. ECF No. 5-2 ¶ 4. While employed by Nesco, she sustained a work-related injury, filed a claim for workers' compensation through the Ohio Bureau of Workers' Compensation and the Ohio Industrial Commission, and received compensation related to her claim. *Id.* ¶ 6.

After Plaintiff's employment with Nesco ended, she filed a charge of employment discrimination against Nesco with the United States Equal Employment Opportunity Commission in Cleveland, Ohio. Gross & Gross represented Nesco, ECF No. 5-1, and the EEOC dismissed the case.

In 2017, Plaintiff filed an action against Nesco in the Court of Common Pleas for Lake County, Ohio, alleging that Nesco discriminated against her and retaliated against her by terminating her employment. ECF No. 21-2. Defendant Shaw represented Nesco in connection with that case, and Defendant Garbiso submitted an affidavit detailing her former role as Plaintiff's supervisor and the circumstances surrounding Plaintiff's post-injury employment. ECF No. 5-2. In dismissing Plaintiff's retaliation claim, the Court of Common Pleas noted "conflicting evidence" whether she was terminated, but concluded that if she was terminated it "would have been related to her work infractions and to her significant personal and medical problems unrelated to her workers['] compensation claim." ECF No. 21-2 at 9. Plaintiff subsequently filed a pair of related suits in this Court, and each was dismissed as well. *Eyajan v. Nesco Res. LLC*, No. 1:18-CV-222, 2019 U.S. Dist. LEXIS 167207 (W.D. Pa. Sept. 27, 2019); *Eyajan v. Nesco Res. LLC*, No. 1:19-CV-34, 2019 WL 1472313 (W.D. Pa. Apr. 3, 2019).

### B. Procedural History

Plaintiff brought this action pro se against Defendants Nesco Resource, LLC, Gross & Gross, LLC, Angela Garbiso, Christopher Shaw, the Equal Employment Opportunity

Commission's Cleveland Field Office, and Maria Colon. Her claims arise out of her former employment with Nesco and subsequent actions alleging disability-based discrimination that she brought in, and were dismissed by, the EEOC and the Court of Common Pleas of Lake County, Ohio. In her Complaint, Plaintiff references 28 U.S.C. § 4101, 18 U.S.C. § 1001, 18 U.S.C. § 1028, 18 U.S.C. § 1028A, 18 U.S.C. § 1038, and 18 U.S.C. § 1038(b) to assert claims for defamation, fraud, false statements, and false information. There is no evidence of Defendants Garbiso, Colon, or the EEOC ever having been served or waiving service. Defendants Nesco, Gross, and Shaw filed motions to dismiss, ECF Nos. 20 & 21, Plaintiff filed a brief in opposition, ECF No. 31, and Defendants Nesco and Gross filed a reply. ECF No. 32. The motion is fully briefed and is ripe for disposition by this Court.

## II.   STANDARDS OF REVIEW

### A.  Personal Jurisdiction

Personal jurisdiction may be conferred by consent of the parties, either expressly or by failure to object. *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969). Accordingly, a district court may not sua sponte dismiss for lack of personal jurisdiction where a defendant has entered an appearance by filing a motion. *Id.*

When a defendant raises a jurisdictional defense under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that jurisdiction is proper. *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation omitted). The plaintiff may not rely on "mere allegations" or "the bare

pleadings alone," but "must respond with actual proofs," such as "sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Federal district courts sitting in Pennsylvania have personal jurisdiction over non-resident defendants to the extent permissible under Pennsylvania law. *Mellon Bank*, 960 at 1221; Fed. R. Civ. P. 4(e). Pennsylvania's long-arm statute extends jurisdiction to the limit of federal due process. *Mellon Bank*, 960 F.2d at 1221 (citing 42 Pa. Cons. Stat. § 5322(b)). Thus, the Court need determine only whether the exercise of personal jurisdiction over Defendants comports with due process. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).

Due process requires that a defendant has sufficient "minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). A defendant's contacts with the forum state may support either general or specific jurisdiction. A court may exercise general personal jurisdiction only when a defendant is "essentially at home" in the state. *See Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011). "[A]n individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Specific jurisdiction "is invoked when the claim is related to or arises out of the defendant's contacts with the forum[; thus,] the focus must be on minimum contacts." *Carteret Sav. Bank*, 954 F.2d at 149 (internal quotations omitted). A court evaluating whether a defendant's contacts with the forum support specific jurisdiction undertakes a three-part inquiry. First, the defendant must have purposefully directed its activities at the forum. Second, the

4

litigation must arise out of or relate to at least one of those activities. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

When a district court determines there is a "want of jurisdiction," the court "shall, if it is in the interest of justice, transfer [the case] to any other such court in which the action . . . could have been brought at the time it was filed." *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016) (quoting 28 U.S.C. § 1631).

### B.  Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint should be dismissed pursuant to Rule 12(b)(6) only if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In making this determination, the court must accept as true all well pleaded factual allegations in the complaint and view them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the

complaint. *See Cal. Pub. Employee Ret. Sys. v. Chubb Corp*., 394 F.3d 126, 143 (3d Cir. 2004)

(citing *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court

accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555.

Expounding on the *Twombly* and *Iqbal* line of cases, the Third Circuit has articulated the

following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must
> plead to state a claim.' Second, the court should identify
> allegations that, 'because they are no more than conclusions, are
> not entitled to the assumption of truth.' Finally, 'where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement for relief.'

*Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v.*

*Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679.

The district court has substantial discretion in allowing plaintiffs to amend a complaint

that fails to state a claim, and modern rules of pleading generally counsel in favor of such

amendments. *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). However, this does not mean

that a district court must allow a plaintiff to amend a complaint if amendment would be futile. *Id.*

Amendment is futile where the complaint, as amended, would fail to state a claim upon which

relief could be granted. *Id.*; *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001).

**C.  Pro Se Filings**

Because Plaintiff is proceeding pro se, the allegations in the complaint are held to "less

stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519,

520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid

claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *United States ex rel. Montgomery v. Bierley*, 414 F.2d 552, 555 (3d Cir. 1969). Thus, the Court may consider facts and make inferences where appropriate. But any pleading must still contain "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citation omitted).

### III.   ANALYSIS

#### A.  The Court Lacks Personal Jurisdiction Over Defendants Nesco and Gross

By failing to object in his Motion to Dismiss, Defendant Shaw has consented to the Court's exercise of personal jurisdiction. Defendants Nesco and Gross objected in their motion, however, so Plaintiff bears the burden of demonstrating personal jurisdiction over each is proper. The Court lacks general jurisdiction because neither is "at home" in Pennsylvania. *Goodyear*, 564 U.S. at 919. Plaintiff concedes as much in her Opposition to the Defendants' Motion to Dismiss. ECF No. 31 at 8 ("Each Defendant listed in the complaint is a citizen of the State of Ohio where the Plaintiff is a citizen of the State of Pennsylvania."). Nor may the Court exercise specific jurisdiction. Each of the Defendants' actions detailed in the Complaint transpired in and was directed at Ohio. Defendant Nesco employed Plaintiff in Ohio, Defendant Garbiso submitted her affidavit in Ohio, and the Defendant attorneys acted in connection with the proceedings in Ohio. Nothing the Defendants did took place in or was directed at Pennsylvania. Plaintiff fails to address this absence of personal jurisdiction in her opposition. Instead, she mistakenly discusses subject matter jurisdiction. ECF No. 31 at 9.

Under these facts, the Court does not have personal jurisdiction over Defendants Nesco and Gross. Although authority to dismiss or transfer the action can be found under § 1631, the interests of justice would not be served by doing so. *See* 28 U.S.C. § 1631. Plaintiff has not properly served multiple defendants and has not suggested an appropriate destination venue. Consequently, the Court will dismiss this action for want of personal jurisdiction.

**B.  The Complaint Fails to State a Claim Against Defendant Shaw**

None of the statutes cited by Plaintiff provide a proper basis for civil claims. Plaintiff asserts Count I, "Libel and Slander," under 28 U.S.C. § 4101. As other courts have noted, a private cause of action is not available under 28 U.S.C. § 4101—the statute merely defines defamation for the purposes of judicial recognition of foreign defamation judgments. *Stockstill v. Fresno Dep't of Soc. Servs.*, No. 1:19-cv-00889, 2020 WL 1274622, at *11 (E.D. Cal. Mar. 17, 2020). "[T]here is no federal claim [under the statute] for simple defamation by a private actor." *Slottke v. Wis. Dep't of Workforce Dev.*, 734 F. App'x 354, 355 (7th Cir. 2018). Plaintiff asserts Counts II – IV of the Complaint under 18 U.S.C. § 1001, 18 U.S.C. § 1028 and 1028A, and 18 U.S.C. § 1038. All three cited statutes are in Title 18, which is part of the federal criminal code. *See, e.g., Pellegrino v. U.S. Transp. Sec. Admin.*, 896 F.3d 207, 224 (3rd Cir. 2018) ("ATF officers are authorized under Title 18—the federal criminal code . . ."). A private citizen cannot bring criminal claims, "as private persons do not have a judicially cognizable interest in the prosecution . . . of another." *Kent v. Vinceguerra*, 477 F. App'x 6, 8 (3d Cir. 2012) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Even if the Court could reasonably read the Complaint to assert claims for defamation or fraud under Pennsylvania or Ohio state law, those claims would still fail. First, the statute of limitations for defamation claims under both Ohio and Pennsylvania law is one year. Ohio Rev.

Code Ann. §2305.11(A) ("An action for libel, slander … shall be commenced within one year after the cause of action accrued."); 42. Pa. Cons. Stat. § 5523 ("The following actions and proceedings must be commenced within one year: (1) An action for libel, slander or invasion of privacy."). Plaintiff's allegations relate to events she claims occurred between August 16, 2016, and July 30, 2018. Plaintiff filed the Complaint on September 1, 2020—more than two years after the last allegedly defamatory act. Any state-law claim for defamation is thus time barred.

Likewise, to succeed in a fraud case, both Ohio and Pennsylvania law require establishing the same elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *See Gruenwald v. Advanced Comput. Applications, Inc.*, 730 A.2d 1004, 1014 (Pa. Super. Ct. 1999); *Burr v. Stark Cnty. Bd. of Cnty. Comm'rs.*, 491 N.E.2d 1101, 1105 (Ohio 1986) (quoting *Cohen v. Lamko, Inc.* 462 N.E.2d 407, 409 (Ohio 1984)). But even accepting all facts alleged as true, Plaintiff cannot prove causation or justifiable reliance. To the extent Plaintiff's Complaint could be construed to assert a state law claim for fraud, it would be based on Defendant Shaw's conflicting arguments on behalf of Nesco in the retaliation action in the Lake County Court of Common Pleas. But the Lake County Court of Common Pleas did not rely on Defendant Shaw's statements to determine there was no retaliation. (ECF No. 21-2 at 9.) So, it is not possible for Defendant Shaw's statements to have injured Plaintiff, and the Court will dismiss this claim. And because any amendment would be futile, the Court will dismiss with prejudice and not grant leave to amend.

9

**C.  Plaintiff has failed to serve Defendants Garbiso, Colon, and the EEOC**

The procedural requirement of service of summons must be satisfied before a federal court may exercise personal jurisdiction over a defendant. *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 381 (3d Cir. 2022) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). For an individual, those procedural requirements include serving the defendant personally, leaving a copy of the complaint and summons at his or her dwelling with someone of suitable age, or delivering a copy to his or her agent. *See* Fed. R. Civ. P. 4(e). The procedural requirements for serving a government agency like the EEOC include (1) delivering or sending by registered or certified mail a copy of the summons and complaint to the U.S. attorney or certain designated employees for the district where the action was brought, (2) sending copies of each via registered or certified mail to the Attorney General of the United States at Washington, D.C., and (3) if the action challenges an order of a nonparty agency or officer of the United States, sending copies of each by registered or certified mail to the agency or officer. *See* Fed. R. Civ. P. 4(i)(1). "If a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action . . . ." Fed. R. Civ. P. 4(m).

Although Plaintiff provided the United States Marshall separate "Process Receipt and Return" forms for Defendants Garbiso, Colon, and EEOC, and the Court ordered the United States Marshal to mail a copy of the Complaint, notice of lawsuit, and request for waiver of service to each, Plaintiff has not properly served them. This memorandum and associated order will thus serve as notice to Plaintiff that the action will be dismissed if she fails to effect service within 30 days.

## IV.    CONCLUSION

The Court does not have personal jurisdiction over Defendants Nesco Resource, LLC and Gross & Gross, LLC, so it will dismiss the claims against them without prejudice. As it pertains to Defendant Shaw, the Complaint fails to state a claim upon which relief can be granted, and any amendment would be futile. So the claims against Defendant Shaw will be dismissed with prejudice. Finally, Plaintiff has failed to properly serve Defendants Garbiso, Colon, and the Equal Employment Opportunity Commission. If she fails to do so within 30 days of the date of entry of the accompanying order, her claims against each will be dismissed for failure to timely effect service.

An appropriate order follows.